WALRATH v. CHAMPION MIN. CO.

(Circuit Court of Appeals, Ninth Circuit, February 3, 1896.)

No. 243.

MINES AND MINING—EXTRALATERAL RIGHTS—END LINES.
Under the act of 1872 (Rev. St. § 2322), which gives to persons who had previously procured a patent to a surface location, as incident to one vein only, a right to all other veins, throughout their depth, which have their apexes within the surface lines, the extralateral rights of the patentee in respect to any such additional veins extend to the vertical plane of the end lines, prolonged in their own direction, and cannot be limited by the vertical plane of any side line. 63 Fed. 552, modified.

Appeal from the Circuit Court of the United States for the Northern District of California.

This was a bill by Austin Walrath against the Champion Mining Company to define and enforce his rights in a certain vein whose apex lay in the surface lines of his patented location. The circuit court rendered a decree granting him, in part only, the relief prayed. See 63 Fed. 552, where a full statement of the case will be found. Complainant appealed. The property in controversy is shown by the following map.

Smith & Murasky, for appellant.

Curtis H. Lindley, for appellee.

Before GILBERT and ROSS, Circuit Judges, and MORROW, District Judge.

ROSS, Circuit Judge. In so far as the decree appealed from limits the extralateral right of the complainant to follow the vein called, in the record, the "back" or "contact" vein, in its downward course, by the line f, g, running south, 43 degrees west, extended vertically downward, it is erroneous, and should be modified. The court below correctly found and adjudged the end lines of the Providence claim, under which the complainant claims, to be the lines a, p, and g, h; and, further, that they are the true and only end lines of each and every vein, lode, or ledge found within the surface location of the Providence claim.

It is conceded that whatever right the complainant has in or to the ledge in controversy is derived from the act of congress of May 10, 1872, embodied in the Revised Statutes as section 2322. Unless that ledge has its top or apex within the lines of the surface location of the Providence claim, the complainant has no extralateral right in respect to that ledge at all; but that it does have its top or apex within those surface lines is an uncontroverted fact, and was so found and adjudged by the court below. The complainant, therefore, has the exact extralateral right in respect thereto that is defined by the statute already cited, which is, the right to follow the dip of the ledge in its course downward, outside of the vertical side lines of the surface location of the Providence claim, wherever it goes, until it comes to vertical planes drawn downward through the end lines of the location, continued

## EXHIBIT 3.

indefinitely in their own direction. Beyond those points of inter-
section, the extralateral right does not go. But, where the right
exists at all, it is confined only by the vertical planes drawn down-
ward through the end lines of the location extended in their own
direction, and is subject to the condition, declared in the statute,
that the possession of such extralateral right does not confer upon
the possessor the right to enter upon the surface of a claim owned

or possessed by another. In no case is the extralateral right of a first locator, in respect to a vein, lode, or ledge having its top or apex within the lines of his surface location, bounded by any side line of the surface location, extended downward or otherwise. To the extent, therefore, that the extralateral right of the complainant to the back or contact ledge here in controversy was bounded by the court below by the side line f, g, running south, 43 degrees west, extended vertically downward, it is erroneous. It should be bounded by vertical planes drawn downward through the end line g, h, running south, 73 degrees west, and through the end line a, p, extended indefinitely in their own direction, subject to the condition that the complainant has no right to enter upon the surface of the respondent's claims.

There is no other error prejudicial to the appellant. Cause remanded, with directions to the court below to modify the decree in accordance with this opinion, and, as so modified, it is affirmed.